FILED
SUPERIOR COURT
OF GUAM

2022 APR 15 PM 4: 24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0616-20 |
| vs. | |
| JEROME TAIMANAO ATALIG, DOB: 09/14/1972 | **DECISION AND ORDER** (Motion to Exclude; Motion in Limine to Admit Evidence of Prior Bad Acts) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 2, 2022 for a motion hearing on the Defendant's Motion to Exclude and the People's Motion in Limine to Admit Evidence of Prior Bad Acts. Defendant Jerome Taimanao Atalaig ("Defendant") was present with counsel Peter C. Perez. Assistant Attorney General Christine Tenorio represented the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** the Defendant's Motion to Exclude and **DENIES** the People's Motion in Limine to Admit Evidence of Prior Bad Acts.

## BACKGROUND

Defendant was charged with Second Degree Criminal Sexual Conduct (as a First Degree Felony) and Harassment (as a Petty Misdemeanor) on January 4, 2021. The charges stem from an incident which occurred in October 2020, wherein the Defendant allegedly intentionally harassed and engaged in sexual contact with D.B. (DOB: 01/28/2007) by touching her primary genital area.

An arraignment hearing was held on March 12, 2021. An Order for Discovery and Criminal Trial Scheduling Order were issued on March 25, 2021, requiring mutual discovery pursuant to 8 GCA §§ 70.10, 70.25, and 70.40. Trial was set for December 1, 2021. On August 27, 2021, Defendant filed a Motion to Exclude evidence from being introduced at trial. On November 23, 2021, the People filed an opposition to the Motion to Exclude, as well as a Motion in Limine to Admit Evidence of Prior Bad Acts. A hearing on the motions was held on February 2, 2022, after which the Court took the matters under advisement.

## DISCUSSION

**I. THE COURT DENIES DEFENDANT'S MOTION TO EXCLUDE NON-EXCULPATORY EVIDENCE FROM TRIAL.**

The Defendant first seeks to prevent the government from admitting any non-exculpatory evidence at trial apart from the thirty pages of discovery initially disclosed by the government. Defendant argues that the exclusion of such evidence is proper in order to avoid unfair surprise, prejudice, and a violation of Guam's discovery requirements. However, defense counsel does not allege that the government failed to provide discovery, does not demonstrate that there has been any violation of Guam's discovery requirements, and fails to explain how the Defendant would be subjected to unfair surprise or prejudice. Guam law does not provide that newly discovered evidence is not admissible if disclosed after initial discovery. Further, under 8 GCA § 80.40, a defendant is only entitled to five days of preparation before trial, and so any evidence provided at least five days before trial should be sufficient to avoid unfair surprise or prejudice to the Defendant. Seeing no violation of discovery requirements or other persuasive basis to limit the evidence that the government may introduce at trial, the Court denies the Defendant's Motion to Exclude on this basis.

## II. THE COURT DENIES THE DEFENDANT'S MOTION TO EXCLUDE HEARSAY EVIDENCE AS PREMATURE.

Defendant also seeks to exclude various hearsay statements from being admitted at trial. In particular, Defendant seeks to exclude statements made by D.B. to Trina Atapang, hearsay statements from third parties to T.A. Ogo, and hearsay statements related to the police investigation. Hearsay is "a statement, other than one made by the declarant while testifying ... offered in evidence to prove the truth of the matter asserted." Guam Rule of Evidence 801(c). Generally, hearsay is inadmissible at trial unless it falls into a known exception. *People v. Roten*, 2012 Guam 3, ¶ 16.

Here, the government points out two exceptions that may allow for the admission of these hearsay statements at trial. First, prior consistent statements may be admissible under Guam Rule of Evidence 801(d)(1)(B). Under this rule, a statement is not hearsay if a "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ...consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive ...." Thus, prior consistent statements are sometimes admissible. Depending on what occurs at trial, the hearsay statements at issue in this case may qualify as prior consistent statements.

Second, the statements may be admissible to show effect on the listener. "[A] statement offered to show its effect on the listener is not hearsay." *United States v. Wright*, 739 F.3d 1160, 1170 (8th Cir. 2014) (citing *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir.2013). Information possessed by a law enforcement officer may also be admissible as background information to explain the investigation or to show an officer's state of mind. *See People v. Roten*, 2012 Guam 3 ¶ 19 (*citing United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994).

Because hearsay exceptions may apply depending on how testimony develops at trial, any ruling on the matter at this point is premature. The Motion to Exclude is therefore denied.

## III. THE COURT DENIES THE PEOPLE'S MOTION TO ADMIT EVIDENCE OF PRIOR BAD ACTS.

While the Defendant seeks to exclude evidence of any prior bad acts, the government filed a Motion in Limine to Admit Evidence of Prior Bad Acts. Specifically, the government moves to admit testimony by D.B. that she had previously seen Defendant staring at her buttocks. Defense counsel seeks to exclude this evidence as irrelevant, unfairly prejudicial, and incompetent, insofar as it is based upon D.B.'s subjective belief. 6 GCA §§ 104, 402, 403, 602. The government, on the other hand, seeks to admit this evidence under Guam Rule of Evidence 404(b), which mirrors and is derived from Federal Rule of Evidence 404(b). *People v. Evaristo*, 1999 Guam 22 ¶ 7. Rule 404(b) allows for the admission of evidence of other crimes, wrongs or acts "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." GRE 404(b). Under the Hinton test, a prior bad act must: (1) prove a material element of the crime charged; (2) be similar to the conduct charged; (3) based on sufficient evidence; and (4) not too remote in time. *People v. Evaristo*, 1999 Guam 22 ¶ 11 (citing *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994). The court may exclude the evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See People v. Camaddu*, 2015 Guam 2 ¶ 12; GRE 403.

Here, if D.B. testifies that the Defendant stared at her buttocks, this act could help to establish intent and absence of mistake under GRE 404(b). Thus, this act helps to prove a material element of the crime regarding the Defendant's intent to engage in the sexual contact with D.B. *See People v. Torres*, 2014 Guam 8 ¶ 42. The past alleged act is similar to the crime charged in that it involves sexual undertones. *See id.* ¶ 43. Because the victim will testify to

what she witnessed, it is based on sufficient evidence. *See id.* ¶ 44. The Court also agrees that the prior bad act is unlikely to be too remote in time, as courts have held that acts up to twelve years old are not too remote. *See id.* ¶ 45. While the Hinton test may be satisfied and D.B. may testify that she perceived the Defendant to be staring at her buttocks, her understanding of where the Defendant was looking and what his intentions were is highly subjective and speculative as to the thoughts and intentions of the Defendant at the time the incident occurred. Because of this, the Court finds that such testimony has limited probative value, and that the probative value of such evidence is substantially outweighed the by the danger of unfair prejudice to the Defendant. For these reasons, the Court **DENIES** the People's Motion in Limine to Admit Evidence of Prior Bad Acts.

**CONCLUSION**

For the above reasons, the Court hereby **DENIES** the Defendant's Motion to Exclude and **DENIES** the People's Motion in Limine to Admit Evidence of Prior Bad Acts.

**IT IS SO ORDERED** ___APR 1 5 2022___ .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam